UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARIUS T. HAMMOND,

          Plaintiff,

v.

STEPHANIE LOUISE ROBERTS,

          Defendant.

CASE NO. 3:23-CV-5300-DGE

REPORT AND RECOMMENDATION

Noting Date: April 28, 2023

      The District Court has referred Plaintiff Darius T. Hammond's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On April 7, 2023, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

      In determining whether IFP should be granted in this case, the Court has reviewed the proposed complaint and finds Plaintiff has failed to state a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Therefore, the Court recommends this case be dismissed without prejudice and the Application to Proceed IFP (Dkt. 1) be denied.

REPORT AND RECOMMENDATION - 1

1       **Review of the Proposed Complaint.** The Court has carefully reviewed the proposed
2 complaint in this matter. Because Plaintiff filed this complaint *pro se*, the Court has construed
3 the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v.*
4 *Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

5       In his proposed complaint, Plaintiff names Stephanie Louise Roberts as the sole
6 defendant. Dkt. 1-1. He appears to allege Defendant Roberts violated Plaintiff's constitutional
7 rights when she prosecuted him. Plaintiff seeks monetary damages.

8       **Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP
9 upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court
10 must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory
11 screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to
12 state a claim on which relief may be granted," or "seeks monetary relief against a defendant who
13 is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d
14 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to
15 prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28
16 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP
17 complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable
18 substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.
19 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*,
20 745 F.2d 1221, 1228 (9th Cir. 1984).

21       Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12
22 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted.
23 *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a
24

1  claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice
2  where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*,
3  490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to
4  dismiss a frivolous complaint sua sponte, even in absence of an express statutory provision).
5  　　　Plaintiff appears to allege Defendant Roberts, a deputy prosecuting attorney for Pierce
6  County, violated his rights when she prosecuted Plaintiff. Dkt. 1-1. Prosecutors are entitled to
7  absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409,
8  427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority
9  and in a quasi-judicial capacity." *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing
10 *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged
11 defendant without civil redress against a prosecutor whose malicious or dishonest action deprives
12 him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). Plaintiff seeks only monetary damages.
13 As Defendant Roberts has immunity as a prosecutor, Plaintiff has failed to state a claim upon
14 which relief can be granted.
15 　　　**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a
16 *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend
17 prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In
18 this case, any attempt by Plaintiff to amend the proposed complaint would be futile. As such, the
19 Court finds Plaintiff should not be afforded leave to amend his proposed complaint.
20 　　　**Decision on Application to Proceed IFP.** A district court may deny leave to proceed
21 IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous
22 or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l*
23 *Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). The proposed complaint is frivolous and
24

entirely without merit. Based upon the above analysis of the deficiencies in the proposed complaint, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied.

**Conclusion.** For the above stated reasons, the undersigned recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied and this case be dismissed without prejudice as frivolous and for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on April 28, 2023, as noted in the caption.

Dated this 13th day of April, 2023.

David W. Christel
Chief United States Magistrate Judge